IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AARON HOLSEY                *
                            *
v.                          *
                            *   Civil Action No. WMN-09-1717
SUNTRUST BANK et al.        *
                            *
  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

**MEMORANDUM**

Plaintiff, proceeding pro se, filed this action complaining about the manner in which he was treated in the purchasing and financing of a used motor vehicle. He states that on January 31, 2008, he purchased a 2005 Ford Taurus from "Koons Ford."[1] In his Complaint, Plaintiff complains that the price he paid for the car was significantly above its "Kelly Blue Book" value and that the total cost of the vehicle, including an extended service contract sold to him by Koons Ford and all the interest payments called for under the financing agreement, would be more than twice the value of the vehicle. He also alleges that the lender, Sun Trust Bank, Inc. (Sun Trust), reneged on its promise to refinance the loan after six months. In declining to refinance, Sun Trust stated that the depreciated value of the

---

[1] Defendant Koons Ford of Baltimore, Inc. (Koons Ford) states that Plaintiff has sued the wrong entity. The documents attached to the Complaint indicate that the vehicle was purchased from "Koons Used Car Outlet," which Koons Ford states is a separate entity from Koons Ford.

vehicle was insufficient to cover the amount of money Plaintiff owed on the vehicle.

Plaintiff also raises additional allegations concerning the car dealership. He states that a side door panel kept falling off and repairs to that and other problems he experienced with the vehicle made by the dealership were poorly done, causing further damage to the car. Furthermore, the service department did not honor the extended service contract and forced Plaintiff to pay for the maintenance work performed on his vehicle. When Plaintiff informed the service manager about these matters, she was "extremely disrespectful" towards Plaintiff and took no action on Plaintiff's behalf.

On September 11, 2008, Plaintiff turned the vehicle into Sun Trust by leaving it, with its keys, at the car dealership. Sun Trust had the vehicle towed and sold at auction. Sun Trust continued, however, to seek payment from Plaintiff for the deficiency left due and owing after the sale.

Plaintiff names as defendants Koons Ford, Sun Trust Bank, and various individuals that he identifies as employees of these entities. It is not clear from the Complaint, however, precisely what causes of action Plaintiff is bringing against these defendants. Plaintiff avers in his introductory paragraph that

> [t]he Defendants and those acting in concert with them conspired together and with others to[] defraud the Plaintiff while making false, malicious and misleading representations which violated the Plaintiff's Equal Protection, and Due Process Rights in violation of the Constitution of the United States.

Plaintiff also included the following language under the heading, "Truth in Lending Act:"

> [The Truth in Lending Act] requires that before you sign the agreements, creditors give you written disclosure of important terms of the credit agreement such as APR, total amount being financed, length of the credit agreement and any charges for late payment.

Defendants Sun Trust and Koons Ford have filed motions to dismiss the Complaint on various grounds.  Paper Nos. 15 (Sun Trust) and 18 (Koons Ford).  Among those grounds is a lack of subject matter jurisdiction over this action.  As Plaintiff and all Defendants are citizens of Maryland, there is no diversity jurisdiction over this action.  The only possible federal question raised in the Complaint is one under the federal Truth in Lending Act, 15 U.S.C. § 1601, et seq (TILA).[2]  As explained below, however, the facts alleged in the Complaint cannot support a cause of action under TILA.

TILA was passed by Congress in order to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms

---

[2] While Plaintiff mentions the Equal Protection and Due Process Clauses of the United States Constitution, the Complaint includes no factual allegations, whatsoever, that would implicate these provisions.

3

available to him and avoid the uninformed use of credit . . . ." 15 U.S.C. § 1601(a); see also Mourning v. Family Publ'ns Serv., Inc., 411 U.S. 356, 363 and n. 20 (1973).  TILA requires creditors to make specific disclosures before extending credit to consumers.  15 U.S.C. § 1638(a), (b).  Specifically, TILA requires a lender to disclose to a borrower, among other things, the amount financed, the finance charge, the annual percentage rate, and the total sale price.  15 U.S.C. § 1638; 12 C.F.R. § 226.18.

While Plaintiff alludes to TILA in his introductory paragraph, he included no allegations in the Complaint that explain how he believes TILA was violated.  Documents attached to the Complaint, in fact, suggest full compliance with the statute.  On the "Simple Finance Charge" form which Plaintiff attached to his Complaint, the "Federal Truth-in-Lending Disclosures" are presented clearly and prominently.  Compl., Attachments at 22.  Plaintiff makes no claim that this document was not presented to him prior to the consummation of the transaction and thus, the requirements of TILA appear from the face of the Complaint and attachments to have been met.  Despite his being challenged by the motions to dismiss to come forward with some basis for his TILA claim, Plaintiff presents nothing to support that claim in his opposition to the motions.

4

This Court need not reach the questions as to whether Plaintiff may have claims under state law for fraud or misrepresentation or some other potential cause of action. Pursuant to 28 U.S.C. § 1367(c)(3), this Court has the discretion to decline to exercise supplemental jurisdiction over state law claims if the court "has dismissed all claims over which it has original jurisdiction. . . ."  As the Court has found that Plaintiff has failed to state a claim as to his only possible federal cause of action, the Court will dismiss this action in its entirety.

A separate order will issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge



DATED: December 16, 2009